1  Mark G. Beard
   Jennifer M. Beyerlein
2  LANE POWELL PC
   1420 Fifth Avenue, Suite 4100
3  Seattle, Washington 98101-2338
   Telephone: 206.223.7000
4  Facsimile: 206.223.7107

5  Attorneys for Liberty Surplus
   Insurance Corporation

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MCCARTHY BUILDING COMPANIES, INC., a Missouri corporation, successor to SDL CORPORATION, a Washington corporation, | No. |
| Plaintiff, | NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a) (DIVERSITY) |
| v. | |
| THE OHIO CASUALTY INSURANCE COMPANY, an Ohio corporation; LIBERTY SURPLUS INSURANCE CORPORATION, a New Hampshire corporation, | |
| Defendants, | |
| and | |
| ARCH INSURANCE COMPANY, a Missouri corporation; ST. PAUL FIRE AND MARINE INSURANCE COMPANY, a Minnesota corporation, | |
| Additional Parties. | |

Defendants THE OHIO CASUALTY INSURANCE COMPANY and LIBERTY SURPLUS INSURANCE CORPORATION ("Removing Defendants"), hereby give notice of their removal of the above-captioned action, Case No. 10-2-14433-1 SEA, currently pending in the Superior Court of King County, Washington, to the United States District Court for the

NOTICE OF REMOVAL - 1

118923.0094/1844238.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

Western District of Washington at Seattle pursuant to 28 U.S.C. § 1441, and in support thereof state as follows:

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441.

2. This is a civil action for, among other things, breach of insurance contract, bad faith, and violation of Washington's Insurance Fair Claims Act, RCW 48.30.015 ("IFCA"). Plaintiff filed its Complaint in this matter in the Superior Court of Washington for King County on or about April 19, 2010 (King County Cause No. 10-2-14433-1 SEA). A copy of the Complaint, the Order Setting Civil Case Schedule, and Efiling Receipt, which constitutes the process pleadings received by Liberty Surplus Insurance Company ("Liberty"), are attached hereto as Exhibit A. A copy of the Summons to Liberty as received from the King County Superior Court is attached hereto as Exhibit B.

3. Defendants The Ohio Casualty Insurance Company ("Ohio Casualty") and Liberty first received copies of the Complaint on April 19, 2010 when courtesy copies of the Complaint, Order Setting Civil Case Schedule, and Efiling Receipt were provided to counsel for both Defendants via electronic mail. Upon information and belief, Additional Parties, Arch Insurance Company ("Arch") and St. Paul Fire and Marine Insurance Company ("St. Paul") were provided with courtesy copies of the Complaint, Order Setting Case Schedule, and Efiling Receipt via electronic mail on that same date.

4. The King County Superior Court Docket shows a Declaration of Service, stating that a copies of the Summons, Complaint, King County Case Schedule, and discovery requests were mailed to the Washington State Insurance Commissioner on April 22, 2010 for service on the Defendants and the Additional Parties. The King County Superior Court Docket for this matter is attached hereto as Exhibit C. Upon information and belief, the Washington State Insurance Commissioner received these documents on or about April 26, 2010.

NOTICE OF REMOVAL - 2

118923.0094/1844238.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

5. Upon information and belief, Plaintiff McCarthy, a Missouri Corporation, is, and at all relevant times has been, a citizen of and has its principal place of business in the State of Missouri. Upon information and belief, Plaintiff's predecessor in interest, SDL Corporation, was a citizen of and had its principal place of business in the State of Washington.

6. Defendant Ohio Casualty is an Ohio corporation and has its principal place of business in Ohio. Defendant Liberty is a New Hampshire corporation and has its principal place of business in Massachusetts. Thus, both named Defendants are citizens of and have principal places of business in states other than Washington and Missouri and the requisite diversity of citizenship exists under 28 U.S.C. § 1332.

7. Upon information and belief, Additional Party, Arch is a Missouri corporation and has its principal place of business in New York. Upon information and belief, Additional Party, St. Paul is a Minnesota corporation and has its principal place of business in Minnesota.

8. Plaintiff's Complaint does not list a cause of action against either Arch or St. Paul, but merely names Arch and St. Paul as Additional Parties.

9. Because Plaintiff's Complaint does not state any real and substantial controversy between McCarthy and Additional Parties, Arch or St. Paul, Arch and St. Paul are either nominal or fraudulently joined parties. See Navarro Savings Ass'n v. Lee, 446 U.S. 458, 461 (1980) ("[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy."); Strotek Corp. v. Air Transp. Assoc. of Am., 300 F.3d 1129, 1133 (9th Cir. 2002) ("Defendants who are nominal parties with nothing at stake may be disregarded in determining diversity, despite the propriety of the technical joinder.") (citations omitted); United Computer Sys., Inc. v. AT&T Corp., 298 F.3d 756 (9th Cir. 2002) ("If a plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the well-settled rules of the state, the joinder is fraudulent and 'the defendant's presence in the lawsuit is ignored for purposes

NOTICE OF REMOVAL - 3

1  of determining diversity.'") (citing <u>Morris v. Princess Cruises, Inc.</u>, 236 F.3d 1061, 1067 (9th
2  Cir. 2001); <u>McCabe v. Gen. Foods. Corp.</u>, 811 F.2d 1336, 1339 (9th Cir. 1987)).

      10. Although the prayer in Plaintiff's Complaint does not specify the dollar amount of damages Plaintiffs seek in this matter, Plaintiff requests reimbursement of at least $250,000. Removing Defendants believe Plaintiff is seeking damages in excess of the jurisdictional amount of $75,000.00 based upon its knowledge of the costs of defense, McCarthy's request for reimbursement of the $250,000, and the nature of Plaintiff's allegations.

      11. This matter is a civil action over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332. It is one that may be removed to this Court by Removing Defendants pursuant to the provisions of 28 U.S.C. § 1441, in that it is a civil action wherein the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and the real and substantial controversy is between citizens of different states.

      12. Defendant Ohio Casualty has entered an appearance in this matter. Ohio Casualty's representative has informed the undersigned counsel that it joins in this removal.

      13. Additional Party St. Paul has entered an appearance in this matter. This Party's representative has informed the undersigned counsel that it does not object to and joins in this removal. Additional Party Arch has not yet entered an appearance in this matter.

      14. It is not necessary for either St. Paul or Arch, as nominal parties, to join in this removal action. The "rule of unanimity" under 28 USC § 1446(a) does not apply to "nominal, unknown or fraudulently joined parties." <u>United Computer</u>, 298 F.3d at 762 (emphasis removed) (citing <u>Emrich v. Touche Ross & Co.</u>, 846 F.2d 1190, 1193 n.1 (9th Cir. 1998)). Thus, as a nominal or fraudulently joined party, neither Arch nor St. Paul need to consent to this removal action.

NOTICE OF REMOVAL - 4

15. A notice of Removal will be filed with the Clerk of the Superior Court of King County in accordance with 28 U.S.C. § 1446(d).

WHEREFORE, Removing Defendants pray that the above-entitled action now pending against them in the Superior Court of Washington for King County be removed to the United States District Court for the Western District of Washington at Seattle.

DATED this 14th day of May, 2010

LANE POWELL PC

By /s/ Mark G. Beard
Mark G. Beard, WSBA No. 11737
Jennifer M. Beyerlein, WSBA No. 35754
Attorneys for Liberty Surplus Insurance Corporation

THORSRUD CANE & PAULICH

By /s/ for Russell Love
Russell C. Love, WSBA No. 8941
Attorneys for Defendant The Ohio Casualty Insurance Company

NOTICE OF REMOVAL - 5